**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ALLEN WALKER**

                    **Plaintiff,**

                **v.**

**CARL B. HUNT, Superintendent,**
**and HELGA ROSS, Inmate Records**
**Coordinator of Ogdensburg Correctional**
**Facility**

                    **Defendants.**

**9:06-CV-772**
**(GLS/DEP)**

---

**APPEARANCES:**                                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**

ALLEN WALKER
Petitioner, *Pro Se*
Last Known Address:
02-R-4419
Ulster Correctional Facility
P.O. Box 800
Napanoch, New York 12458

**GARY L. SHARPE**
**United States District Judge**

## **ORDER**

On June 22, 2006, the above *pro se* 1983 Prisoner Civil Rights complaint was transferred from the Eastern District of New York. *See Dkt. Nos. 1-4.* On July 7, 2006, Walker filed an amended complaint. On August 31, 2006, the court sent a compliance Decision and Order directing plaintiff to file an amended complaint in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure and to prepay the $350.00 filing fee in full, or provide the clerk with a signed authorization form within thirty (30) days from the date of filing of that order. *Dkt. No. 6.* Furthermore, he was warned that his failure to comply with this rule could result in the dismissal of his action. *See Dkt. No. 6.*

On October 10, 2006, Walker filed an amended complaint and inmate authorization form. *See Dkt. Nos.* 7-8. On October 31, 2006, the court issued a Decision and Order granting Walker leave to proceed *in forma pauperis* and directing the U.S. Marshal's to effectuate service upon the named defendants. Walker's copy of the order was mailed to his last known address. On November 13, 2006, Walker's copy of the order was returned indicating "Return to Sender - Discharged." *See Dkt. Nos. 10.* On November 22, 2006, Walker filed a Notice of Change of Address. *See Dkt. No.* 11. That same day, the Clerk's Office resent Walker's copy of the order

to the new address provided.

On December 5, 2006, the court issued an order directing Walker to notify the court within fourteen days of his current address and/or verify that his mailing address is as listed in the caption of this order. *See Dkt. No. 13*. The court warned Walker that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). Walker's copy of the order was mailed to his latest last known address, but was returned as "Return to Sender - Discharged." *See Dkt. No. 14.* Despite his knowledge of his obligation to apprise the court of his current address and the consequences of failing to do so, Walker has not complied with the court's December 5 order.

Walker's failure to provide this court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute. Courts in the Northern District of New York have dismissed law suits brought by *pro se* plaintiffs for failure to provide a current address. *See Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Williams v. Faulkner*, 95-CV-741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED**, that Walker's complaint is **DISMISSED** for failure to notify the court of his current address, for failure to prosecute, and for failure to comply with this court's December 5 order; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties by regular mail at the addresses listed in the caption; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**Dated: January 8, 2007**
      **Albany, NY**

*Gary L. Sharpe*
U.S. District Judge